ST. LOUIS, B. & M. RY. CO. v. GOULD.

(Court of Civil Appeals of Texas. San Antonio. March 4, 1914. Rehearing Denied April 1, 1914.)

1. COURTS (§ 489*)—JURISDICTION OF STATE COURT — INTERSTATE COMMERCE ACT — LOSS OF GOODS.

An action against an initial carrier to enforce liability under the Carmack amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593 [U. S. Comp. St. Supp. 1911, p. 1307]), to the Interstate Commerce Law (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]), for loss of goods by a connecting carrier is within the jurisdiction of a state court, and not within the exclusive jurisdiction of the federal tribunals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1330, 1333–1341, 1372–1374; Dec. Dig. § 489.*]

2. CARRIERS (§ 185*) — EVIDENCE (§ 314*) — CONNECTING CARRIERS—LOSS OF GOODS—EVIDENCE.

Where the agent of a terminal carrier testified that his company had delivered the goods not lost to plaintiff, and that he had located the loss of the other goods on a certain other line of railway, such evidence was not hearsay, and was competent to show that the company by which the witness was employed in fact handled the goods.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–850; Dec. Dig. § 185;* Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

3. CARRIERS (§ 177*)—CONNECTING CARRIERS—LOSS OF GOODS — INTERSTATE COMMERCE LAW.

In an action against the initial carrier under Carmack amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593 [U. S. Comp. St. Supp. 1911, p. 1307]) of the Interstate Commerce Law (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]) for loss of goods, it is immaterial where the loss occurred.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–789, 791–803; Dec. Dig. § 177.*]

4. CARRIERS (§ 185*)—CONNECTING CARRIERS—LOSS OF GOODS—SHIPPING CONTRACT—ALTERATION.

In an action against an initial carrier for loss of goods, plaintiff was entitled to testify that certain notations appearing on a copy of the shipping contract had been written thereon after she signed the original.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–850; Dec. Dig. § 185.*]

5. CARRIERS (§ 185*)—CONNECTING CARRIERS—LOSS OF GOODS—VALUE.

In an action against an initial carrier for loss of goods, there being no valuation in the shipping contract, plaintiff was entitled to prove their value.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–850; Dec. Dig. § 185.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**6. CARRIERS (§ 135*)—LOSS OF GOODS—MEAS-URE OF DAMAGES—FREIGHT RATE.**

Where a freight rate for the transportation of goods was not based on the market value of the goods at the point of shipment, and a clause in the shipping contract, that the measure of damages should be the value of the goods at the time and place of shipment, was not inserted as a basis for obtaining a certain freight rate, and was therefore void, such value at the point of shipment was not conclusive on the question of plaintiff's damages for loss of the goods.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 557–559, 599–602, 603½–604½; Dec. Dig. § 135.*]

**7. COSTS (§ 238*)—ON APPEAL—ERRORS—ADMITTED CORRECTION.**

Where appellant made no effort in the trial court to obtain a correction of the judgment, which was erroneous only as to two items amounting to $6.50, it would not be relieved of costs on appeal by reason of the correction of such error.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

Appeal from Cameron County Court; E. H. Goodrich, Judge.

Action by D. A. Gould against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Claude Pollard, of Kingsville, and Graham, Jones, West & Dancy, of Brownsville, for appellant. J. T. Canales and Harbert Davenport, both of Brownsville, for appellee.

FLY, C. J. This is a suit by appellee to recover the value of certain household goods shipped on a through bill of lading from Raymondville, Tex., to Birmingham, Ala.; appellant being the initial carrier. No jury was demanded, and upon a trial by the court judgment was rendered in favor of appellee for $124.50.

[1] The shipment was made under a written contract whereby appellant undertook to transport the goods from Raymondville to Birmingham, and, through the first assignment of error, it is contended that the county court of Cameron county had no jurisdiction because, the cause of action being one created by the Carmack amendment, jurisdiction is given to federal tribunals alone. That contention was made before this court, in similar cases, over five years ago, and it was held that state courts had jurisdiction in such cases. Railway v. Piper, 52 Tex. Civ. App. 568, 115 S. W. 107; Railway v. Crow, 117 S. W. 170; Railway v. Wallace, 117 S. W. 169. The Wallace and Crow Cases were appealed to the Supreme Court of the United States, and the opinions of this court fully sustained. Railway v. Wallace, 223 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 516. They were also approved by the Supreme Court of Texas in Railway v. Lewis, 103 Tex. 452, 129 S. W. 594. The question is no longer an open one.

[2, 3] The second and third assignments of error are overruled. Appellee filed a claim in writing for the lost goods with the agent of the railway company at point of destination within a few days after delivery of part of the goods. There was full compliance with the provision in the shipping contract requiring claim to be made for damage or loss within four months after delivery of the property either to the initial or ultimate carrier. We fail, in view of the facts in the case, to understand upon what basis the assignment is placed. The brief fails to disclose it, unless it be the claim that the proof failed to show that the railway company notified had ever handled the goods. The notice was given to an agent at Birmingham, Ala., of the Alabama & Great Southern Railroad Company. The agent admitted that his company had delivered the goods not lost to appellee, which is excellent proof that it had brought them into Birmingham. It would be incomprehensible that an agent of a railroad company would be investigating the loss of goods not handled by it, and admitting that he had delivered a portion of the goods to appellee, and had located the loss of the others on a certain line of railway. The evidence of the location of the loss was direct and positive, and was in no wise hearsay. That it was hearsay was the only objection urged to it. The agent of the Alabama & Great Southern Railroad Company at Birmingham, Ala., was the agent of appellant under the terms of the Carmack amendment. Railway v. Wallace, 223 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 516. It did not make any difference where the loss occurred; appellant, as initial carrier, was liable.

[4, 5] It was proper to allow appellee to swear that certain things had been written on the contract of shipping after she signed it. There were circumstances which corroborated her statement. She should not be held bound by a contract which she did not sign. The original contract was not produced. The evidence showed that no valuation was placed upon the goods in the contract. The evidence indicates that the letters and figures. "O. R. Rel $5.00 Cwt.," were not on the contract when appellee signed it, but were put there afterwards to cover accidents. There being no valuation of the goods in the contract, appellee could prove the value of her goods. Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257. There was nothing, therefore, to indicate that a lower rate was charged because of the valuation put upon the goods by appellee. It is only where the bill of lading or receipt stipulates for a certain value that shipper is bound by it.

The fifth assignment of error is overruled. The name of the road to which the claim for damages was given is found incorrectly by the court; but that is a trivial matter, the point being that the notice was given to the ultimate carrier.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[6] No objection was made to the proof of the market value of the goods in Birmingham. The rate of freight was not based on the market value of the goods at point of shipment. The clause in the shipping contract as to the measure of damages being the value of the goods at the time and place of shipment was not inserted as a basis for obtaining a certain freight rate, and is therefore null and void. It could not form a basis for the freight rate because it was not shown to have been known, and because appellant is contending that the freight rate was fixed by the letters and figures hereinbefore mentioned. The value of the property can be agreed to only as a means for fixing the rate. Adams. v. Croninger, herein cited.

[7] There is a manifest error in the amount of damages by the trial court evidently arising from an error in placing the value of a certain article at $50, instead of $45, and in allowing the value of a broken pedestal $1.50, when the extent of the damage to it was not shown. The judgment will be reduced in the sum of $6.50. Appellant made no effort to have the correction made in the lower court, and will not, therefore, be relieved of the costs of prosecuting this appeal.

The judgment will be reformed so as to reduce the amount from $124.50 to $118, and as reformed will be affirmed.